# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MICHAEL C. OLIVIER**                                    **CIVIL ACTION**

**VERSUS**                                                **NO. 15-5069**

**BURL CAIN, WARDEN**                                     **SECTION "A"(2)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the petition, this court has determined that a federal evidentiary hearing is unnecessary at this time. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, this court recommends that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Michael Olivier, is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On June 24, 2005, Olivier was charged by bill of information in

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2] Rec. Doc. No. 1.

St. Tammany Parish for attempted armed robbery, and on October 20, 2005, the State

amended the bill of information to include an additional charge, attempted second degree

murder.[3]   The Louisiana First Circuit Court of Appeal summarized the facts of the case

as follows:

> On April 11, 2005, the defendant and his girlfriend, Laurie Wilkes,
> went to Timothy Camper's trailer in the Alton community of St. Tammany
> Parish with the intention of obtaining drugs.  The defendant asked Camper
> if Camper wanted to have sex with Wilkes in exchange for drugs.  After
> Camper declined the offer and asked the defendant to leave, the defendant
> attacked Camper with a knife.  The defendant slashed Camper's throat and
> repeatedly stabbed him.  Camper managed to get the knife away from the
> defendant and threw it to the floor.  Camper and the defendant wrestled and
> engaged in fisticuffs until they fell through the front door of the trailer.
> The defendant and Wilkes then got in a car and drove away.  Camper
> suffered serious injuries and was treated at a hospital for a gaping wound
> to his neck and puncture wounds to his chest, abdomen and back.
>
> The defendant was subsequently arrested and gave a videotaped
> statement to the police.  In his statement the defendant admitted that he
> tried to rob Camper.  He also stated that while he and Camper were
> wrestling on the floor, he (the defendant) reached into Camper's pocket,
> grabbed a vial with crack cocaine "rocks" in it, and ran out of the trailer.
> However, at trial, the defendant testified that he did not go to Camper's to
> rob him.  He testified that Camper had sold him "junk" crack that day, and
> he returned and offered Wilkes for sex in order to procure more drugs.  The
> defendant also testified that Camper dropped the vial of crack while they
> were fighting, and he (the defendant) simply grabbed the vial and left.  The
> defendant claimed that he initially stabbed Camper because Camper got
> angry, pushed the defendant, told him to get out of his house, and grabbed
> a rifle.  Camper testified at trial that he did not have a gun in his trailer.  No
> rifle, or any weapon other than the knife or knives used to stab Camper,
> was found at Camper's trailer.

---

[3]St. Rec. Vol. 1 of 10, p. 44, 59.

2

<u>State v. Olivier</u>, 956 So. 2d 850 (La. App. 1 Cir. 5/4/07); St. Rec. Vol. 4 of 10, p. 612-613; St. Rec. Vol. 6 of 10, p. 686-687; Louisiana First Circuit Opinion, Case No. 2006-KA-2041, May 4, 2007.

Olivier was tried before a jury on January 23 - 25, 2006.[4]  He was found guilty as charged of attempted second degree robbery and not guilty of attempted second degree murder.[5]  On January 27, 2006, the State filed a multiple bill of information charging Olivier as a habitual offender with two prior convictions: one for attempted forcible rape and one for purse snatching.[6]  Olivier pled not guilty to the multiple bill and a hearing was held on May 11, 2006.[7]  That same day, the trial court found Olivier guilty as a third felony offender and sentenced him to life in prison without the possibility of parole.[8]

On direct appeal, Olivier's counsel asserted one claim, insufficiency of the evidence.[9]  On May 4, 2007 the Louisiana First Circuit Court of Appeal affirmed Olivier's conviction in an unpublished opinion.[10]  He subsequently submitted an untimely writ application to the Louisiana Supreme Court on June 25, 2007, 51 days after the First

---

[4] <u>Id</u>. at 70, 80; (jury instructions, January 23, 2006), (verdict of the jury, January 25, 2006).

[5]<u>Id</u>. at 80.

[6]<u>Id</u>. at 81.

[7]St. Rec. Vol. 3 of 10, p. 539.

[8]<u>Id</u>. at 550.

[9]St. Rec. Vol. 5 of 10, p. 618.

[10]<u>Olivier</u>, 956 So. 2d 850; St. Rec. Vol. 6 of 10, p. 685-691.

Circuit affirmed the conviction.[11]   The Louisiana Supreme Court denied the writ application on May 2, 2008.[12]   Because Olivier's writ application was untimely, his conviction became final on June 4, 2007, 30 days after the First Circuit's ruling.[13]  See La. S. Ct. Rule X § 5 (allowing a petitioner 30 days from the appellate court's judgment to mail or file a timely writ application); Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (conviction becomes final when the time for seeking further direct review in the state courts expires).

Almost two years later, on April 21, 2009, Olivier submitted an application for post-conviction relief in the state trial court.[14]  In that application, Olivier asserted six specific claims of ineffective assistance of counsel and claims of prosecutorial misconduct and double jeopardy.  During the next four years, Olivier's post-conviction application sat in limbo because it was "misplaced" by the trial court when office

---

[11]St. Rec. Doc. Vol. 5 of 10, p. 632. June 25, 2007 represents the effective day Olivier submitted the writ application because it was the day he certified that the application was mailed. See La. S. Ct. Rule X § 5 (d).

[12]State v. Olivier, 979 So. 2d 1278 (La. 5/02/08); Case No. 2007-KH-1550; St. Rec. Vol. 5 of 10, p. 617.

[13]Because the 30th day, June 3, 2007, was a Sunday, the following business day, Monday, June 4, 2007, was the last day on which he could have timely sought further review in the state courts and therefore the precise date of finality of his conviction. Fed. R. Civ. P. 6(a)(1)(C); La. Code Crim. P. art. 13.

[14]Although Olivier's memorandum in support of his application was dated April 17, 2009, the record indicates that the completed application was not turned over to prison officials until April 21, 2009.  St. Rec. Vol. 6 of 10, p. 705, 720, 756.

personnel were changed.[15]   After filing an application for a writ of mandamus in the Louisiana First Circuit Court of Appeal, the trial court re-accepted Olivier's post-conviction application from 2009 as timely and then denied all of his claims on the merits on March 28, 2014.[16]  On April 25, 2014, Olivier filed a writ application in the Louisiana First Circuit, which the court denied on July 28, 2014.[17]  Olivier then sought review in the Louisiana Supreme Court on August, 25, 2014.[18]   The court denied that writ application on September 25, 2015.[19]

II.     FEDERAL HABEAS PETITION

On October 7, 2015, the clerk of this court filed Olivier's petition for federal habeas corpus relief in which he asserts the same claims he raised on direct appeal and post-conviction: (1) insufficiency of the evidence; (2) ineffective assistance of counsel; (3) prosecutorial misconduct; and (4) double jeopardy.  The State filed a response in opposition to Olivier's petition, arguing that his petition must be dismissed because it was not timely filed under federal law and that he is not entitled to equitable tolling.[20]

---

[15]St. Rec. Vol. 7 of 10, p. 973-981.

[16]St. Rec. Vol. 7 of 10, p. 973-981; St. Rec. Vol. 8, p. 993.

[17]St. Rec. Vol. 7 of 10, p. 997; St. Rec. Vol. 9 of 10, p. 998, 1005-1033.

[18]St. Rec. Vol. 10 of 10, p. 1151-1179

[19]St. Rec. Vol. 10 of 10, p. 1150.

[20]Rec. Doc. No. 10.

III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L.

No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[21] and

applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198

(5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore

applies to Olivier's petition, which, for reasons discussed below, is deemed filed in this

court on October 6, 2015.[22]

The threshold questions in habeas review under the amended statute are whether

the petition is timely and whether petitioner's claims were adjudicated on the merits in

state court; i.e., the petitioner must have exhausted state court remedies and must not be

in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419–20 (5th Cir.

1997) (citing 28 U.S.C. § 2254(b), (c)).  The State correctly concludes, and I find, that

---

[21]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[22]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). In this case, Olivier signed and delivered his petition to be "placed in the Louisiana State Penitentiary Federal Mail Box for Electronic Transfer" on October 6, 2015. Rec. Doc. No. 1-1, p. 43.

Olivier's federal habeas petition was <u>not</u> timely filed in this court under the AEDPA and should be dismissed for that reason.

IV.   <u>STATUTE OF LIMITATIONS</u>

The AEDPA requires a petitioner to bring his Section 2254 petition in most cases within one year of the date his conviction became final.[23]  <u>Duncan v. Walker</u>, 533 U.S. 167, 179-80 (2001).  As discussed above, Olivier's conviction became final for AEDPA purposes on June 4, 2007.  Thus, under a literal application of the statute, Olivier had one year from the date his conviction became final, until June 3, 2008, to file his federal habeas corpus petition, which he did not do.  <u>See</u> La. S. Ct. Rule X § 5; <u>Butler</u>, 533 F.3d at 317.  His petition must be dismissed as untimely, unless the one-year statute of

---

[23]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu–Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only when the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418–19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Olivier has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent. See Holland v. Florida, ––– U.S. ––––, –––– – ––––, 130 S. Ct. 2549, 2574–75 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy

v. Quarterman, 577 F.3d 596, 599–600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17–day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu–Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n. 2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, however, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any

9

period of limitation under this subsection."  28 U.S.C. § 2244(d)(2) (emphasis added).

By its plain language, this provision does not create a new, full, one-year term within

which a federal habeas petition may be filed at the conclusion of state court post-

conviction proceedings.  Flanagan v. Johnson, 154 F.3d 186, 99 n. 1 (5th Cir. 1998). The

Supreme Court has clearly described this provision as a tolling statute. Duncan v.

Walker, 533 U.S. 167, 175–78 (2001).

The decisions of the Fifth Circuit and other federal courts have held that because

this statute is a tolling provision, the time during which state court post-conviction

proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed
> state habeas application is pending must be excluded when calculating the
> one[-]year period. Under the plain language of the statute, any time that
> passed between the time that [petitioner's] conviction became final and the
> time that his state application for habeas corpus was properly filed must be
> counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n. 1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL

609926 at *1 (4th Cir. Aug.27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F.

Supp.2d 771, 771–72 (D.Md. 1998).

For a post-conviction application to be considered "properly filed" within the

meaning of Section 2244(d)(2), the applicant must "conform with a state's applicable

procedural filing requirements," such as timeliness and location of filing.  Pace, 544 U.S.

at 414 ("When a postconviction application is untimely under state law, 'that [is] the end

of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306–07

n. 4 (5th Cir. 2000)(quoting <u>Villegas v. Johnson</u>, 184 F.3d 467, 469 (5th Cir. 1999));
<u>Smith v. Ward</u>, 209 F.3d 383, 384–85 (5th Cir. 2000). The timeliness consideration in
Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to
state pleadings. <u>Causey v. Cain</u>, 450 F.3d 601, 604–05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary
state collateral review process is 'in continuance.'" <u>Carey v. Saffold</u>, 536 U.S. 214,
219–20 (2002); <u>Williams</u>, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2)
purposes until "further appellate review [is] unavailable under [Louisiana's] procedures."

The phrase "other collateral review" in the statute refers to state court proceedings
challenging the pertinent judgment subsequently challenged in the federal habeas
petition. <u>Dillworth v. Johnson</u>, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition
challenging a prior conviction in one county was other collateral review even though
filed as a challenge to a second conviction in a different county); <u>Nara v. Frank</u>, No.
99–3364, 2001 WL 995164, at *5 (3rd Cir. Aug.30, 2001) (motion to withdraw a guilty
plea is "other collateral review"). A "pertinent judgment or claim" requires that the state
filings for which tolling is sought must have challenged the same conviction being
challenged in the federal habeas corpus petition and must have addressed the same
substantive claims now being raised in the federal habeas corpus petition. <u>Godfrey v.
Dretke</u>, 396 F.3d 681, 686–88 (5th Cir. 2005). Requests for document and transcript
copies also are not other collateral review for purposes of the tolling calculation.

Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table,

Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling

purposes); Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365

(5th Cir. 2000); Gerrets v. Futrell, No. 01–3080, 2002 WL 63541 (E.D. La. Jan. 16,

2002) (Vance, J.); Jones v. Johnson, No. 01–CV–0115–G, 2001 WL 1006062, at *3

(N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather

transcripts); Grayson v. Grayson, 185 F. Supp.2d 747, 751–52 (E.D. Mich. Jan. 3, 2002)

(delay in receipt of transcript not required to file the application, does not warrant

equitable tolling).

The one-year AEDPA limitations period began to run in Olivier's case on June 5,

2007, the day after his conviction became final.  The limitations period ran without

interruption for 686 days, until April 21, 2009, when Olivier's state court post-conviction

application was deemed filed in the state trial court.

I recognize, as noted above, that during this almost two-year period, Olivier filed

an untimely Louisiana Supreme Court writ application, that the court denied on May 2,

2008.  As also noted above and as the United States Supreme Court has squarely held,

however, this kind of untimely state court filing does not toll the AEDPA limitations

period. "When a postconviction application is untimely under state law, 'that [is] the end

of the matter' for purposes of § 2244(d)(2)." Pace, 544 U.S. at 414.

For all of the foregoing reasons, the instant action is time-barred and must be dismissed for that reason.

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Olivier's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).

New Orleans, Louisiana, this _____21st_____ day of April, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE